Richard O'Donnell, Doing Business as Turf Lounge, Plaintiff-Appellant, v. Illinois Liquor Control Commission, Howard S. Cartwright, Chairman, Defendant-Appellee.

**Gen. No. 52,790.**

First District, Fourth Division.

October 1, 1969.

Gerald B. Mullin, of Chicago, for appellant.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. O'Toole and John J. George, Assistant Attorneys General, of counsel), for appellee.

MR. JUSTICE STAMOS delivered the opinion of the court.

Plaintiff, Richard O'Donnell, d/b/a Turf Lounge, filed a statutory action in the Circuit Court under the Administrative Review Act, Ill Rev Stats, c 110, §§ 264–279 (1967), to review the order of defendant, Illinois Liquor Control Commission, revoking plaintiff's liquor license. The court affirmed the order of the Commission and this appeal followed.

The Illinois Liquor Control Commission citation served upon plaintiff to show cause why his license should not be suspended or revoked alleged the following violations of Revised Rule 3 of the Rules and Regulations of the Commission:

(1) Licensee did in violation of Article X, § 1, secure a State Retail liquor license by false and fraudulent application, to wit: licensee did falsely answer application by stating he had never made previous application for a retail liquor license when, in fact, he made previous application as a corporate officer of a corporate licensee;

(2) Licensee violated Article VI, § 20 by wilfully obscuring the view of the licensed premises; *

---

* Ill Rev Stats, c 43, § 141 (1967):

"In premises upon which the sale of alcoholic liquor for consumption upon the premises is licensed, other than as a restaurant, hotel, club or any bowling establishment, no screen, blind, curtain, partition, article or thing shall be permitted in the windows or upon the doors of such licensed premises nor inside such premises, which shall prevent a clear view into the interior of such licensed premises from the street, road or sidewalk at all times, and no booth, screen, partition, or other obstruction nor any arrangements of lights or lighting shall be permitted in or about the interior of the licensed premises which shall prevent a full view of the entire interior of such premises from the street, road or sidewalk, and the premises must be so located that there shall be a full view of the entire interior of such premises from the street, road or sidewalk. All rooms where liquor is sold for consumption upon the premises shall be continuously lighted during business hours by natural or artificial white light so that all parts of the interior of the premises are clearly visible. In case the view into any licensed premises required by the foregoing provision, is wilfully obscured by the licensee or by him wilfully suffered to be obscured or in any manner obstructed, then such license is subject to revocation in the manner herein provided. In order to enforce the provisions of this Section the local commission has the right to require the filing with it of plans, drawings and photographs showing the clearance of the view as above required."

(3) Licensee is ineligible to hold a license in Cicero as his application shows that he is a resident of Lincolnwood, Illinois, a violation of Article VI, § 2. **

The Commission found that the evidence adduced at the hearing did not support the charge that plaintiff secured a State Retail liquor license by a false and fraudulent application; however, the Commission did find that the evidence supported the charges of wilfully obscuring the view of the premises and the ineligibility of the plaintiff to hold a license because of nonresidency and these findings were affirmed by the Circuit Court.

Plaintiff contends there is no substantial evidence in the record to establish that he wilfully violated the statutory requirement for an unobstructed view of the licensed premises. He also contends that he was denied fair treatment in the revocation of his license for nonresidency.

Officer Donald Konley of the Cook County Sheriff's Police testified that on August 9, 1967, he went to the plaintiff's tavern at about 11:15 in the evening and observed two large windows on either side of the entrance. He observed that striped bamboo drapes were completely drawn the full length and width of all the windows and thus he could not see through them. At the entrance of the tavern there were a pair of doors with full length frosted glass, except for 14-inch clear glass portholes in the upper half; upon entering the tavern there was a vestibule and another pair of doors with the same type of frosted glass and similar portholes. The portholes in the two sets of doors were not directly in line when viewed from the outside, and only afforded a view of a small por-

---

** Ill Rev Stats, c 43, § 120 (1967):

"No license of any kind issued by the State Commission or any local commission shall be issued to:

"(1) A person who is not a resident of the city, village or county in which the premises covered by the license are located; . . . ."

tion of the interior floor. The Commission and plaintiff both introduced photographs into evidence regarding the charge of wilfully obstructing the view of the interior of the premises. These photographs were made available to this court.

Two agents of the Federal Bureau of Investigation testified that they had a conversation with plaintiff on July 31, 1967, and he advised them that he lived in Lincolnwood, Illinois, for the previous 29 years and had never lived in Cicero, Illinois. An official of Cook County Clerk's office produced plaintiff's original voters' registration card which reflected his address at Lincolnwood, Illinois; certified copies of plaintiff's application for a driver's license and title to his automobile issued by the Secretary of State, State of Illinois, were also admitted into evidence showing plaintiff's residence to be in Lincolnwood, Illinois.

OPINION

Although plaintiff admits his residency at Lincolnwood, Illinois, he argues that the Commission is unfair in revoking his license because the local commissioner made no objection to the residency of plaintiff outside the town of Cicero and he never concealed his Lincolnwood residence when he filled out his application for a liquor license.

The record reflects that approximately two months after the license was issued to plaintiff, the Illinois Liquor Commission commenced the instant proceedings. The Liquor Commission has original jurisdiction to institute revocation proceedings even though the licensee has both a local and state liquor license. Pliakos v. Illinois Liquor Control Commission, 12 Ill App2d 170, 175, 138 NE2d 862 (1956).

The fact that the local commissioner issued the license with knowledge that plaintiff was not a resident of the town of Cicero as required by law, does not preclude a revocation by the Liquor Commission.

■ Section 109 * of the Illinois Liquor Control Act provides that the issuance of a license shall not prejudice the Commission's action in subsequently suspending or revoking such license if it appears after notice and a hearing that the licensee has violated a provision of the . Act. The wisdom of the foregoing statute is apparent in the instant matter. The Commission charged with the enforcement of the Liquor Control Act properly proceeded to seek the revocation of the license which had been issued contrary to the residency requirement. We find no unfairness or arbitrary action by the Commission in revoking the license on that ground.

Plaintiff contends that there is no evidence to support the Commission's finding that there was a wilful violation of the provisions of section 141. The two sets of frosted glass doors and portholes are permanent fixtures and were designed, constructed and installed in such a manner that they prevented and obscured a clear view of the interior of the licensed premises from the sidewalk.

■■ Plaintiff endeavors to exculpate himself from the duties and sanctions of section 141 by contending that he was not present at the time of the violation and that he had instructed his bartender that the drapes must be pulled open. However, Ill Rev Stats, c 43, § 185 (1967) provides that every act or omission by an agent or employee of the licensee which is a violation of the Dram Shop Act, is deemed to be an act or omission of the licensee personally. Plaintiff also contends that the drapes were necessary to control the sunlight, but the evidence shows that the witnesses' observations and photographs were made at 11:15 p. m. The drapes were of the draw type and required a deliberate and intentional act to open or close them. The design of the frosted glass doors and their installation portray a wilful endeavor to preclude and prevent a clear view of the interior of the premises

---

* Ill Rev Stats, c 43, § 109 (1967).

from the entrance. This endeavor is properly considered in making a determination of whether the drapes were deliberately and wilfully closed to achieve what had been so successfully attained by the door design; that is, to prevent a clear view into the interior of the premises. We find there was substantial evidence that plaintiff wilfully violated section 141.

For the foregoing reasons, judgment is affirmed.

Judgment affirmed.

DRUCKER, P. J. and McNAMARA, J., concur.